UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 6:15-cr-00013-GFVT-HAI-3 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| JIMMY L. BARRETT, ) | |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram [R. 267.] Defendant Jimmy Barrett has been charged with three violations of his supervised release. On May 1, 2017, Mr. Barrett was sentenced to eighty-four months of imprisonment, with five years of supervised release to follow, after pleading guilty to conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846. [R. 233.]

Mr. Barrett's term of supervised release began on January 15, 2021. [R. 267 at 1.] On February 1, Mr. Barrett's urine tested positive for the presence of THC but, upon request from the United States Probation Office, no action was taken. *Id.* at 2. Now, stemming from multiple alleged violations which occurred during April 2021, Mr. Barrett has been charged with violating three terms of his supervised release. *Id.* at 2-3. First, Mr. Barrett is charged with committing a Grade C violation for failing to report to the probation office as instructed. *Id.* at 2. Second, Mr. Barrett is charged with a Grade C violation for using a controlled substance. *Id.* Third, Mr. Barrett is charged with a Grade B violation for possessing methamphetamine, a Class E felony

because of his prior drug conviction.[1] *Id.* at 2-3. On July 22, 2021, Mr. Barrett appeared before Judge Ingram for his initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1. [R. 255.] During the hearing, the United States made an oral motion for interim detention. [R. 267 at 3.] Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Barrett to the custody of the United States Marshal. *Id.* Because Mr. Barrett had potentially been exposed to the COVID-19 virus, his final hearing was delayed until September 14, 2021. [R. 266.] At his final hearing, Mr. Barret stipulated to having committed all three violations. [R. 267 at 3.] The Magistrate Judge found Mr. Barrett to have made a "knowing, voluntary, and intelligent" stipulation. *Id.*

At the final hearing, the parties jointly recommended that Mr. Barrett serve six months of incarceration followed by a new five-year term of supervised release. *Id.* at 4. Parties also recommended that the first ninety days of Mr. Barrett's supervised release be spent in an inpatient drug addiction treatment center. *Id.* Because the recommended sentence under the Guidelines in this matter is twenty-one to twenty-four months of imprisonment, the Parties' joint recommendation of six months of incarceration is a significant variance. *Id.* at 8. In support of this large variance, the Parties argued that Mr. Barrett is serious about trying to turn his life around, has never had access to a drug treatment program, and that the recommended Guidelines Range is heavily based on Mr. Barrett's criminal history, which has led to a recommendation disproportionate to the violations committed. *See id.* at 7-9. After hearing the arguments, Judge Ingram evaluated the entire record and considered the Section 3553 factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram

---

[1] Because use of an illegal substance equals possession and Mr. Barrett has a prior drug conviction, his use of methamphetamine constitutes a violation of 21 U.S.C. § 844(a).

recommended a sentence of six months imprisonment with five years of supervised release. *Id.* at 9. Judge Ingram also recommended that Mr. Barrett be enrolled in a ninety-day inpatient drug addiction treatment program upon release from incarceration. *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Mr. Barrett has not filed any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on September 27, 2021. [R. 268.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 267] as to Defendant Jimmy Barrett is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Barrett is adjudged **GUILTY** of all violations;

3. Mr. Barrett's supervised release is **REVOKED** and he is **SENTENCED** to a term of imprisonment of six months with five years of supervised release to follow;

3

4. Upon release, Mr. Barrett shall be enrolled in a ninety-day inpatient drug addiction treatment program. Mr. Barrett is required to complete the program as a condition of his release and the ninety-day period shall count towards the completion of his five-year period of supervision.

5. Judgment shall enter promptly.

This the 6th day of October, 2021.

Gregory F. Van Tatenhove
United States District Judge