UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal No. 6:15-cr-00013-GFVT-HAI-3 |
| v. | ) | |
| | ) | **ORDER** |
| JIMMY L. BARRETT, | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 284.] Defendant Jimmy Barrett has been charged with violations of his supervised release. In 2017, Mr. Barrett was sentenced to eighty-four months of imprisonment, to be followed by five years of supervised release, after pleading guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846. [R. 233.]

Mr. Barrett has now violated the conditions of his supervised release three times. In January 2021, Mr. Barrett tested positive for marijuana usage. [R. 284 at 2.] Because the USPO requested that no action be taken, the Court permitted Mr. Barrett to be referred to outpatient treatment. [R. 249.] In April 2021, Mr. Barrett failed to report to the probation officer as instructed and used methamphetamine. [R. at 267; R. 271.] Consequently, Mr. Barrett's release was revoked, and he was sentenced to six months of imprisonment, to be followed by five years of supervised release. *Id.* Mr. Barrett was also ordered to enroll in a ninety-day inpatient drug-addiction treatment program upon release. *Id.*

Now, Mr. Barrett has violated the conditions of his supervised release again by failing to call his probation officer as instructed, by failing to report to his inpatient drug-addiction

treatment facility as ordered by the Court, and by possessing methamphetamine once again. *Id.* at 3. Mr. Barrett's actions constitute three violations of the terms of his supervised release. First, Mr. Barrett has committed a Grade C violation for failing to report to his probation officer as instructed. Second, he has committed a Grade C violation for failing to enroll in and successfully complete a ninety-day inpatient drug treatment program. Third, Mr. Barrett has committed a Grade B violation for unlawfully possessing methamphetamine and thereby committing another federal, state, or local crime.[1] [R. 284 at 3-4.]

On February 8, 2022, Mr. Barrett appeared before Judge Ingram for his initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 279.] During the hearing, the United States made an oral motion for interim detention and Mr. Barrett did not request release. [R. 284 at 4-5.] Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Barrett to the custody of the United States Marshal. *Id.* On March 31, 2022, Mr. Barrett appeared before Judge Ingram for his final hearing. [R. 282; R. 283.] There, he stipulated to the violations imposed upon him. [R. 284 at 5.] The Magistrate Judge found Mr. Barrett to have "competently entered a knowing, voluntary, and intelligent stipulation" to the violations. *Id.*

At the final hearing, the Parties presented a jointly recommended disposition of twenty-one months of incarceration with no additional term of supervised release to follow. *Id.* at 6. In support, the Government argued that "a sentence near (but not at) the top of the Range was appropriate in this case" because of Mr. Barrett's serious criminal history and abysmal record of adhering to the terms of his supervised release. *See id.* at 6-7. Mr. Barrett argued that twenty-one months of imprisonment is appropriate because his stipulation prevented the Government

---

[1] Because use of an illegal substance equals possession and Mr. Barrett has a prior drug conviction, his use of methamphetamine constitutes a Class E felony in violation of 21 U.S.C. § 844(a).

from having to expend more resources on this case, because he is getting married and has a child on the way, and because he "has been given a five-year sentence on a state revocation charge, which means he will be imprisoned beyond the sentence imposed in this case." [R. 284 at 7.]

After hearing both arguments, Judge Ingram evaluated the entre record and considered all of the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram recommended revocation with a term of twenty-one months of incarceration with no term of supervised release to follow. *Id.* at 10.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 10; *see* 28 U.S.C. § 636(b)(1). Mr. Barrett has not filed any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on April 5, 2022. [R. 285.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 284] is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Barrett is found **GUILTY** of all violations;

3. Mr. Barrett's supervised release is **REVOKED**;

4. Mr. Barrett is **SENTENCED** to a term of twenty-one months of incarceration, to be followed by no term of supervised release;

5. Judgment shall enter promptly.

This the 2d day of May, 2022.

Gregory F. Van Tatenhove
United States District Judge